## CIRCUIT COURT OF CHESTERFIELD COUNTY

Lucas

    v.

Fenner et al.

February 23, 1988

Case No. (Law) 720-85

By JUDGE WILLIAM R. SHELTON

I have reviewed the memoranda submitted in the above-styled case regarding the motion to dismiss and plea of the statute of limitations filed by Royal Insurance Company.

The issue presented concerns the date when the cause of action accrues in an uninsured motorist coverage situation. Royal, by counsel, asserts that the plaintiff's cause of action against it as the uninsured motorist carrier is barred because Royal was not served within two years of the date of the accident. Further, Royal urges that the plaintiff's case is barred by the doctrine of laches.

Plaintiff's counsel and counsel for the other defendants argue that the uninsured motorist claim against Royal is timely on the basis that the cause of action accrued against Royal when plaintiff learned that the defendant's insurance carrier was insolvent. The date of the insolvency is within the two-year statute of limitation period.

It is my opinion that plaintiff's claim against its uninsured motorist carrier is timely filed. The plaintiff's cause of action against Royal accrued when the defendant's insurance carrier became insolvent. Therefore, the suit against Royal is not barred by the statute of limitations or the doctrine of laches. I do not decide

whether or not the five-year contract statute of limitations applies.

I ask Mr. Stuart Williams to prepare the appropriate order overruling Royal's motion to dismiss.